UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARY RAHIMI, *et al*. § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | NO. 3:06-CV-0878-AH |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to the written consent of the parties to proceed before a United States Magistrate Judge and the District Court's Transfer Order filed on August 11, 2006, in accordance with the provisions of 28 U.S.C. § 636(b), came on to be considered Plaintiff Mary Rahimi's Motion to Determine Applicability of Tex. Civ. Prac. & Rem. Code § 18.001 *et seq.*, together with Defendant's response and the relevant pleadings and the court finds and orders as follows:

This is a personal injury action filed directly in federal district court under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680 ("FTCA"). Plaintiff seeks monetary damages for injuries which she and her two minor children sustained after the car in which they were riding was struck on a Texas roadway by a United States Postal Service vehicle. The FTCA permits persons to pursue tort actions against the federal government, and holds the government liable as if it were a defendant in state court, subject to strict limitations." *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 252 (5th Cir. 2006). Liability in a FTCA claim is determined according to the law of the state where the tort occurred. *Tindall ex rel. Tindall v. United States*, 901 F.2d 53, 55 (5th Cir. 1990).

At issue is whether the court should apply a Texas statute that creates an alternative means by which a plantiff may prove up the reasonableness and necessity of a claim for past medical expenses.  Plaintiff contends that the court should apply the statute in this federal cause of action, while Defendant argues that application of the statute would conflict with the Federal Rules of Evidence pertaining to hearsay.

Under Texas law, a plaintiff has the burden of proving the actual amount of her past medical expenses and that those expenses were reasonable and necessary.  *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 886 (5th Cir. 2004); *Monsanto Co. v. Johnson*, 675 S.W.2d 305, 312 (Tex. App.-Houston [1st Dist.] 1984, writ ref'd n.r.e.).  Traditionally, expert testimony was the only acceptable means of proving the reasonableness and necessity of past medical expenses.  *Castillo v. Amer. Garment Finishers Corp.*, 965 S.W.2d 646, 654 (Tex. App.-El Paso 1998).  However, section 18.001 of the Texas Civil Practice and Remedies Code provides a limited exception to this general rule.  *Id*.  Section 18.001(b) states in part:

> Unless a controverting affidavit is filed as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

Additionally, the statute provides that the affidavit may be made either by the person who provided the service or by a records custodian and must be filed with the clerk of court and served on opposing counsel at least thirty days before trial.  § 18.001(c)-(d).  With respect to any counter-affidavit, the statute requires that it: (1) give reasonable notice of the basis on which the party filing it intends at trial to controvert the claim reflected by the initial affidavit and (2) be made by a person who is qualified, by knowledge, skill, experience, training, education, or other

2

expertise, to testify in contravention of all or part of any of the matters contained in the initial affidavit." § 18.001(f). The counter-affidavit must be filed with the court and served on opposing counsel thirty days after the initial affidavit is received and at least fourteen days before trial. § 18.001(e). Section 18.002 provides a sample format for the initial affidavit but does not include a form for a counter-affidavit.

Under the doctrine developed in *Erie Rail Road v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817 (1938), a federal court adjudicating a claim arising out of state law applies state substantive law and federal procedural law so as to discourage forum shopping and avoid inequitable administration of laws. *See Straley v. United States*, 887 F. Supp. 728, 734 (D.N.J. 1995) (applying *Erie* principles in a FTCA cause of action); *see also Hanna v. Plumer*, 380 U.S. 460, 468, 85 S. Ct. 1136, 1142 (1965) (discussing the "twin aims" of *Erie*). The Fifth Circuit Court of Appeals has characterized the Federal Rules of Evidence as "procedural" rules. *Washington v. Department of Transp.*, 8 F.3d 296, 300 (5th Cir. 1993). Thus, regarding evidentiary issues, the Federal Rules of Evidence are applied by a federal court adjudicating a state law cause of action if the federal rule is: (1) broad enough to cover the issue and (2) constitutional.[1] *Hanna*, 380 U.S. at 471, 85 S. Ct. at 1144. However, "where the state rule reflects a substantive state policy not in conflict with the plain meaning of the federal rule, then the state rule is the rule of decision and should be applied under the terms of the *Erie* doctrine." *Exxon Corp. v. Burglin*, 42 F.3d 948, 950 (5th Cir. 1995).

In order to determine if a federal evidentiary rule applies in the instant case, the court

---

[1] The constitutionality of the Federal Rules of Evidence is not in question. *See* C. Wright, A. Miller & E. Cooper, 19 Federal Practice and Procedure, § 4512 (1982 & Supp. 2006) (noting that "since all of the Rules of Evidence can be viewed rationally as rules of procedure (the constitutional standard announced in *Hanna v. Plumer*), they all clearly are constitutional").

3

must first determine the parameters of section 18.001.  The Texas Supreme Court has never construed section 18.001 or its predecessor article 3737h.[2]  *See* Tex. Rev. Civ. Stat. Ann. art. 3737h, sec. 1(a) (Vernon Supp. 1982).  Texas courts of appeals analyzing this provision have offered varying and oftentimes contradicting characterizations.  While some courts have characterized section 18.001 as a rule of evidence that creates a hearsay exception to affidavits relating to the reasonableness and necessity of past medical treatment, *see Hong v. Bennett*, __ S.W.3d __, 2006 WL 3377579, at *3 (Tex. App.-Fort Worth Nov.  22, 2006, no pet.); *Nye v. Buntin*, No. 03-05-00214-CV, 2006 WL 2309051, at *4 n.1 (Tex. App.-Austin Aug.  11, 2006, no pet.); *Castillo v. American Garment Finishers Corp.*, 965 S.W.2d 646, 654 (Tex. App.-El Paso 1998, no pet.); *Beauchamp v. Hambrick*, 901 S.W.2d 747, 749 (Tex. App.-Eastland 1995, no writ); *Ellen v.  Carr*, No.  A14-92-00292-CV, 1992 WL 347783, at * 3 (Tex.  App.-Hous. [14th Dist.] Nov. 25, 1992, writ denied),[3] others have found that section 18.001 merely provides a method by which a plaintiff may prove up the reasonableness and necessity of expenses incurred (i.e. damages),  *Mendoza v. Sandoval*, No. 13-03-359-CV, 2005 WL 977579, at *2 (Tex. App.-Corpus Christi Apr.  28, 2005, no pet.); *Walker v.  Ricks*, 101 S.W.3d 740, 747-48 (Tex. App.-Corpus Christi 2003, no pet.); *Ozlat v. Priddy*, No. 11-96-240-CV, 1997 WL 33798173, at *3 (Tex. App.-Eastland May 29,1997, writ.  denied); *Barrajas v. VIA Metropolitan*

---

[2]  Because the Texas Supreme Court has not addressed section 18.001, we make an "*Erie* guess" as to what its answer would be.  *In re Whitaker Const. Co., Inc.*, 439 F.3d 212, 224-225 (5th Cir. 2006).

[3]  Defendant notes that Chapter 18 of the Texas Civil Practice and Remedies Code is entitled "Evidence" and that section 18.001 is located in a sub-chapter entitled "Documentary Evidence.  *See also* Olin Guy Wellborn III, *Article I of the Texas Rules of Evidence and Articles I and XI of the Texas Rules of Criminal Evidence: Applicability of the Rules, Procedural Matters, and Preserving Error*, 18 St. Mary's L.J. 1165, 1167-68 (1987) (noting that section 18.001 "augment[s]" the Texas Rules of Evidence because it "creat[es] in effect an additional hearsay exception for affidavits that meet its terms").

*Transit Authority*, 945 S.W.2d 207, 209 (Tex. App.-San Antonio 1997, no writ); *City of El Paso v. Public Utility Comm'n of Texas*, 916 S.W.2d 515, 524 (Tex. App.-Austin 1995, writ dism'd by agreement).  Further, those courts which have described the provision as an evidentiary rule have generally held that a defendant who fails to properly file a responsive counter-affidavit is precluded from presenting any evidence contesting the reasonableness and necessity of the expenses, *see Hong*, 2006 WL 3377579, at *3; *Beauchamp*, 901 S.W.2d at 749; *Ellen*, 1992 WL 347783, at * 3, while other courts have permitted the presentation of controverting evidence, despite the absence of a filed counter-affidavit, *see Owens v. Perez ex rel. San Juana Morin*, 158 S.W.3d 96, 110 (Tex. App.-Corpus Christi 2005, no pet.); *Grove v. Overby*, No. 03-03-00700-CV, 2004 WL 1686326, at *6 (Tex. App.-Austin July 29, 2004, no pet.).

      Given the conflicting characterizations of section 18.001 set out in the opinions of the intermediate appellate courts of Texas and the absence of an explicit characterization by the Texas Supreme Court, this court addresses its application in the present action in light of the twin aims of the *Erie* Doctrine.  Since a FTCA case must be brought in federal court, the prevention of forum shopping is not a relevant factor.

      In considering the second aim–the avoidance of inequitable administration of the law–the court must determine the policy which section 18.001 is intended to promote.  Specifically, it authorizes a means whereby a plaintiff can establish *prima facie* proof of damages sustained. *See Turner v. Peril*, 50 S.W.3d 742, 746 (Tex. App.-Dallas 2001, pet. denied) ("Section 18.001 provides a significant savings of time and cost to litigants, particularly in personal injury cases, by providing a means to prove up the reasonableness and necessity of medical expenses");  *see also* Hon. Milton Gunn Shuffield, *Section 18.001 Tex. Civ. Prac. & Rem. Code: A Legislative*

5

*Shortcut*, http://www.co.jefferson.tx.us/distcrts/136th_SECTION_18001_SPEECH.pdf (noting that § 18.001 "while a procedural rule, is inextricably intertwined with the substantive right of recovery for a claimant").

It is evident that were the postal service employee involved in the vehicular accident subject to liability in the employee's individual capacity and sued in a Texas state court, Ms. Rahimi could avail herself of section 18.001 in establishing the reasonableness and necessity of her past medical expenses and those of her minor children. However, the only claim which she can bring is one under the FTCA filed in federal court. Were the court to find that section 18.001 embodies only state procedural law, it would deprive Plaintiff of means to avoid the significantly more expensive and time-consuming alternatives to proving damages which would otherwise be available in a personal injury action brought in a Texas state court.

When a state evidentiary rule is so bound up or intertwined with a litigant's substantive rights, it is appropriate to apply the state law to avoid an inequitable administration of the law. *See*, *e.g.*, *Herbert v. Wal-Mart Stores, Inc.*, 911 F.2d 1044, 1047-48 & n.25 (5th Cir. 1990) (citing *Conway v. Chemical Leaman Tank Lines, Inc.*, 540 F.2d 837, 839 (5th Cir.1976)); *see also Weems v. McCloud*, 619 F.2d 1081, 1096-1097 & n.38 (5th Cir. 1980).

Accordingly, the court holds that Plaintiff may make a *prima facie* showing of the necessity and reasonableness of sums incurred for past medical expenses by an affidavit executed in conformity with the requirements of section 18.001(c) of the Texas Civil Practice and Remedies Code.

The court further finds and holds that the means available to controvert an affidavit filed in conformity with section 18.001(c), *see* section 18.001(e)-(f), and the time limits set out in

section 18.001(d) and (e) involve procedural matters only and are governed by federal procedural law.  *See* Rule 26(a)(2), (a)(4), and the court's scheduling order filed on Aug. 30, 2006, and the court's letter to counsel on the same date.

Signed this 20th day of December, 2006.

_____
Wm. F. Sanderson Jr.
United States Magistrate Judge